In re Estate of Celia Lynch, Deceased.
W. L. Weller & Sons, Plaintiff in Error, v. Benjamin
M. Berry and Daniel Lynch, Administrators, De-
fendants in Error.

Gen. No. 23,048.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. H. STERLING
POMEROY, Judge, presiding. Heard in this court at the March term,
1917. Reversed and remanded with directions. Opinion filed July
2, 1917.

## Statement of the Case.

Claim by W. L. Weller & Sons, a corporation, claim-
ant, against Benjamin M. Berry and Daniel Lynch,
administrators of the estate of Celia Lynch, deceased.
From an order of the Circuit Court vacating a pre-
vious judgment dismissing an appeal from the Pro-
bate Court, taken by the administrators from an al-
lowance of the claim, claimant brings error.

GOLDZIER, RODGERS & FROEHLICH, for plaintiff in
error.

DANIEL M. HEALY, for defendants in error.

MR. JUSTICE McSURELY delivered the opinion of the
court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 292*—*what is a final order.* An order
vacating a previous judgment of the Circuit Court dismissing an
appeal by administrators from an allowance of a claim against
an estate in the Probate Court is a final order.

2. EXECUTORS AND ADMINISTRATORS, § 282*—*what is effect of fail-
ure of appellee to enter appearance in Circuit Court on appeal.* The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

fact that the appellee, the claimant, does not enter its appearance in the Circuit Court on an appeal from the allowance of a claim in the Probate Court does not deprive the Circuit Court of jurisdiction, as the appellee is bound to, and in the eye of the law does, follow the appeal and is taken along with it.

3. JUDGMENT, § 298*—*when may not be set aside at subsequent term*. An order of the Circuit Court dismissing an appeal by administrators from an allowance of a claim against an estate in the Probate Court becomes final at the expiration of the term and cannot be set aside on motion at a subsequent term.

4. JUDGMENT, § 273*—*what do not constitute errors of fact*. The absence of an appearance by claimant at the time of the making of a motion by its attorneys for the dismissal of an appeal by administrators from the allowance of a claim in the Probate Court to the Circuit Court and certain misunderstandings on the part of the attorneys for the administrators which gave rise to their failure to be present at the time the cause was called for trial, *held* not to be errors of fact within the Practice Act, sec. 89 (J. & A. ¶ 8626), providing that errors in fact which could have been corrected by the writ of error *coram nobis* at common law may be corrected by the court in which the errors were committed, upon motion in writing, made at any time within five years after rendition of the final judgment, so as to not warrant the granting of the motion to vacate a judgment of dismissal of the appeal.

5. EXECUTORS AND ADMINISTRATORS, § 282*—*when appeal should be dismissed by court on its own motion*. It is the duty of the court, on the call of a case for trial which had been appealed to the Circuit Court from the Probate Court by the administrators of an estate, in the absence of appellants, to dismiss the appeal whether the appellee so moves or not.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.